**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MATTHEW LYON,** | |
| Plaintiff, | |
| v. | Case NO. 13 C 173 |
| **ILLINOIS HIGH SCHOOL ASSOCIATION,** | Hon. Harry D. Leinenweber |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court after Plaintiff's Preliminary Injunction Hearing. Plaintiff seeks to enjoin Defendant Illinois High School Association (the "IHSA") from enforcing two of its by-laws which prohibit a student from participating in a sport for more than eight semesters and prohibit a student from participating in a sport for more than four years. Plaintiff asserts that because he is disabled he should be entitled to a reasonable accommodation of those by-laws. For the reasons stated herein, Plaintiff's Motion for a Preliminary Injunction is denied.

**I. BACKGROUND**

Plaintiff Matthew Lyon (hereinafter, "Plaintiff" or "Matthew") is a fifth year senior at Gordon Tech College Prep School ("Gordon Tech") in Chicago, Illinois. In 2008, he began high school in San Diego, California where he attended Torrey Pines High School ("Torrey Pines"). While at Torrey Pines, Matthew was a member of

the wrestling team during his freshman, sophomore, and junior years.

When Plaintiff was in grade school, he was diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD") and bipolar disorder. After being diagnosed, Matthew received various treatments and was educated according to an Individualized Education Plan ("IEP") pursuant to the Individuals with Disabilities Education Act.

At his preliminary injunction hearing, Matthew testified that he received decent grades at Torrey Pines his freshman year, and the beginning of his sophomore year. However, shortly after his sophomore year began, Matthew's grades started to decline. Matthew explained that around this time his home life started to become unstable. He testified that his mother was struggling financially and constantly changing jobs, some of which required long travel hours. He also testified that his sister began to suffer from a drug and alcohol addiction. Matthew stated that these circumstances made it more difficult for him to manage his ADHD which in turn made it more difficult for him to concentrate in his classes.

In the second semester of his junior year (around February 2011), Matthew became academically ineligible to wrestle at Torrey Pines. His ineligibility prevented him from competing in the state tournament which took place in March 2011. (While schools vary with respect to their semester start dates, and vary with respect

to the exact dates that a sport's season begins and ends, the testimony revealed that Matthew wrestled from approximately November 2010 to February 2011 during his junior year at Torrey Pines.)

In late March or early April 2011, Matthew dropped out of Torrey Pines and moved to Chicago with his mother without completing his junior year. He did not immediately enroll in any school and instead struggled to figure out where he could live. Ultimately, it was decided that Matthew would live with his half-sister, Megan, who is a non-practicing attorney. At this time, Megan began to look for high schools in Chicago that Matthew could attend.

Eventually, Matthew decided to apply to Gordon Tech. After applying, he met with Gordon Tech's principal and a special education counselor. At the meeting, it was determined that in light of Matthew's poor grades and incomplete junior year, he would be accepted to Gordon Tech on the condition that he repeat his junior year. Matthew agreed and enrolled in Gordon Tech for the 2011-2012 school year. Shortly after school began, Matthew joined Gordon Tech's wrestling team. (The wrestling season at Gordon Tech begins around the middle of first semester and ends in or around the middle of second semester.)

Matthew testified that after he joined the wrestling team at Gordon Tech he was able to meet new friends, and was more attentive and focused in class. His grades also started to improve. Matthew

attributed some of his academic success to the structured environment that coincides with being a member of the wrestling tam and also credited the structured environment Megan was providing him at home. Matthew wrestled for his entire junior year at Gordon Tech.

After wrestling for four years, (three at Torrey Pines and one at Gordon Tech), Matthew became ineligible to wrestle his senior year at Gordon Tech pursuant to the rules of the IHSA. In November 2012, Matthew wrote the IHSA requesting that it waive the by-laws that made Matthew ineligible. In his initial request, Matthew argued that his family's financial and personal problems entitled him to a waiver. His first letter did not mention his ADHD or bipolar disorder and did not claim this to be a reason for a waiver.

On November 30, 2012, the IHSA denied Matthew's request. Subsequently, in early December 2012, Matthew sent the IHSA a second letter requesting that it reconsider its decision. This letter informed the IHSA that Matthew has ADHD and that this disability combined with his family problems made him academically ineligible at Torrey Pines. In the second letter, Matthew argued his ineligibility was due to his disability.

The IHSA denied Plaintiff's request for reconsideration. In its denial, it cited IHSA by-laws 3.051 and 3.053 as reasons to support. By-Law 3.051 states, ". . . students shall be eligible for no more than eight semesters." Pl. Ex. 46 at 1. By-Law 3.053

reads, ". . . [students] shall not be eligible for more than four school years of competition in any sport." *Id.*

On December 18, 2012, Matthew filed an appeal to the IHSA's Board of Directors ("the Board"). Pursuant to IHSA procedures, on January 7, 2013, the Board held a hearing for Matthew's appeal. At the hearing, Matthew, along with Megan and her husband, provided a statement to the Board and answered any questions Board members asked. After the hearing, the Board voted unanimously to affirm the denial of Matthew's waiver request.

On January 9, 2013, Matthew filed his Complaint with this Court. On the same date, he filed an Emergency Motion for a Temporary Restraining Order ("TRO"). In the Complaint, Matthew sought relief under the Rehabilitation Act of 1973, (29 U.S.C. § 794) and Titles II and III of the Americans with Disabilities Act ("ADA") (42 U.S.C. §§ 12132, 12182).

On January 10, 2013, Matthew's TRO was heard by Judge John W. Darrah, the designated emergency judge. After a hearing where both parties were present, Judge Darrah granted Matthew's TRO, and ordered the case be continued until this Court could hold a preliminary injunction hearing. The issuance of the TRO allowed Matthew to wrestle in meets that occurred between January 10, 2013 and January 23, 2013.

On January 23, 2013, this Court held Matthew's preliminary injunction hearing. Both Plaintiff and the IHSA presented extensive witness testimony for this Court's consideration.

## II. LEGAL STANDARD

"A party seeking a preliminary injunction is required to demonstrate a likelihood of success on the merits, that it has no adequate remedy at law, and that it will suffer irreparable harm if the relief is not granted." *Promatek Industries, Ltd. v. Equitrac Corp.*, 300 F.3d 808, 811 (7th Cir. 2002). If it meets that standard, the Court then also must consider whether and to what extent the injunction would harm the enjoined party and/or the public. *Id.* These factors are evaluated on a sliding scale; the more likely a movant is to prevail on the merits, the less heavily the balance of harms needs to tip in its favor. *Id.*

## III. ANALYSIS

Matthew seeks to enjoin the IHSA from enforcing its by-laws which make him ineligible to wrestle. Matthew argues that the IHSA failed to grant him reasonable accommodations pursuant to the ADA. At the preliminary injunction hearing, Plaintiff voluntarily dismissed his Rehabilitation Act claim (Count I) against the IHSA, leaving only his ADA claims.

### A. Likelihood of Success on the Merits

The ADA prohibits discrimination against the disabled. It provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied benefits of the services, programs, or activities or a public entity or be subjected to


discrimination by any such entity." 42 U.S.C. § 12132. The IHSA does not dispute it is an entity subject to the ADA.

To state a valid cause of action under the ADA Matthew must show that: (1) he suffers from a disability; (2) he is "otherwise qualified" to participate in wrestling; and (3) he is being excluding from participating in wrestling "by reason of his handicap." *Washington v. Indiana High School Athletic Assoc.*, 181 F.3d 840 (7th Cir. 1999). While the IHSA argues that ADHD does not constitute a disability for purposes of the ADA, the Court assumes without deciding that ADHD qualifies as a disability. Accordingly, the Court's inquiry focuses on whether Matthew is otherwise qualified to participate in wrestling and whether is ineligible because of his disability.

Plaintiff argues that he can state a valid cause of action under the ADA and can establish a likelihood of success on the merits. He contends that *Washington v. Indiana High School Athletic Association* supports his claim. The IHSA disputes this, and claims that *Washington* is factually distinguishable from Matthew's case. After hearing extensive witness testimony, the Court agrees with the IHSA.

In *Washington*, the Seventh Circuit affirmed a district court's grant of a preliminary injunction which prevented the Indiana High School Athletic Association ("IHSAA") from enforcing its "eight semester rule" against a plaintiff who suffered from a learning disability and dropped out of school for a year. *Id.* at 843. (The

IHSAA's eight semester rule is similar to the IHSA's eight semester rule (3.051) and essentially prevents a student from competing in a sport for more than eight semesters.)  In determining whether the preliminary injunction was appropriate, the Seventh Circuit first turned to the issue of whether the plaintiff had established a likelihood of success on the merits (or in other words, whether he had established that he was entitled to protection under Title II of the ADA).  It determined that in order for the plaintiff to make this showing, he had to "establish that the IHSAA rendered Mr. Washington [plaintiff] ineligible to play by reason of his disability."  *Id.* at 846.  The Seventh Circuit explained that the ""by reason of" language merely indicates that the plaintiff must demonstrate that but for his disability, he would have been eligible to play sports in his junior year."  *Id.* at 849.  When determining whether the plaintiff could make this showing, the Seventh Circuit examined the circumstances surrounding his ineligibility.

In *Washington*, the plaintiff dropped out of high school for one year after a school counselor suggested that he drop out because of his failing grades.  *Id.* at 842.  During the year plaintiff dropped out, he was not enrolled at any high school and did not participate in any high school sports.  The next summer, the plaintiff met a basketball coach and teacher at a Catholic high school who urged the plaintiff to enroll at the school he coached and recommended that plaintiff be tested for learning disabilities.

- 8 -

*Id.* The plaintiff took the coach's advice and discovered he had a learning disability. After receiving appropriate treatment, he began to succeed both academically and athletically. However, because of the IHSAA's eight semester rule, the plaintiff became ineligible in his final year of high school even though he was not enrolled at any school for two of the semesters which the IHSAA counted toward his eight semesters of eligibility. *Id.* The plaintiff claimed that but for his learning disability he would not have dropped out of school and would be eligible.

After reviewing these facts and testimony from a school psychologist, the Seventh Circuit found plaintiff's allegations persuasive. *Id.* at 849. It was particularly persuaded with plaintiff's claims because the IHSAA's eight semester rule provided that a student was only eligible for eight consecutive semesters and those semesters started to run on the student's first day of ninth grade regardless of whether the student was actually enrolled in school after that time. *Id.* at 852. Applying this rule to the plaintiff's situation in *Washington*, it was clear that plaintiff established that but for his disability he would have been eligible.

Matthew's case is different from *Washington*. First, unlike the plaintiff in *Washington* who dropped out of school for an entire year and did not participate in any sports, here, Matthew wrestled for four years in high school - three at Torrey Pines and one at Gordon Tech. While Matthew argues that he became academically

- 9 -

ineligible at Torrey Pines in February 2011 because of his ADHD, this does not change the fact that he wrestled his junior year from approximately November 2010 to February 2011.

This distinction is important because the IHSA determined that Matthew was ineligible not only because of its eight semester rule (3.051), but also because of its four year rule (3.053). Thus, even if the Court accepts as true Plaintiff's claim that his disability caused him to become academically ineligible in February 2011 and that but for this disability he would have been eligible in February 2011, the Court cannot change the fact that Matthew wrestled that year from November 2010 to February 2011. Accordingly, the Court cannot find that but for Matthew's disability he would be eligible.

Matthew also cannot establish that he would be "otherwise qualified" to participate in wrestling if it were not for his disability. Simply put, Matthew's participation in wrestling for four years makes him ineligible under the IHSA by-laws regardless of whether he has a disability. If Matthew had dropped out of school for his entire junior year or became academically ineligible at the beginning of his junior year because of his disability, perhaps this case would have a different result. But, if the Court were to allow Matthew to wrestle for a fifth year, despite the fact that he has already wrestled for four years, this would in effect be granting a privilege to Matthew that other students, disabled or not, do not enjoy. This belies the purpose of the ADA.

Therefore, while the Court is sympathetic to Matthew's case and the hardships he has already endured growing up, the Court cannot find that Plaintiff can establish a likelihood of success on the merits on his ADA claims.

### B. Irreparable Harm

Matthew claims that he will suffer irreparable harm because he could lose a college scholarship or could be prevented from attending the college of his choice if he is unable to wrestle at the state tournament in February. The Court finds this allegation speculative and therefore does not consider it when determining if Matthew has established irreparable harm. *See Rademaker v. Blair*, No. 10-3332, 2010 WL 5376263 at *5 (C.D. Ill. Dec. 22, 2010). The Court finds Matthew's argument that playing high school sports is a once in lifetime opportunity more persuasive. However, in light of the Court's finding that Matthew is unable to establish a likelihood of success on the merits, the Court need not determine whether his allegations are sufficient to establish irreparable harm.

### C. No Adequate Remedy at Law

The Court does not deny that Matthew can demonstrate that no other remedy at law exists. It is apparent that monetary compensation cannot be a substitute for the experience of participating in the state wrestling tournament. As such, the Court finds Plaintiff has established that no other adequate remedy is available to him.

### D. Balance of Harms and Public Interest

Due to the Court's finding that Matthew cannot establish a likelihood of success on the merits and thus cannot meet his initial burden, the Court declines to weigh the harms each party could suffer if a preliminary injunction were issued in this matter. Similarly, the Court declines to analyze the public's interest. These inquiries would only be necessary if the Court determined that Matthew demonstrated a likelihood of success on the merits, irreparable harm, and no adequate remedy at law. *Promatek Industries, Ltd.*, 300 F.3d at 811.

### IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for a Preliminary Injunction is denied.

**IT IS SO ORDERED.**

                                    Harry D. Leinenweber, Judge
                                    United States District Court

**DATE:** 1/25/2013